[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The defendant has moved to suppress evidence found in his home during a search conducted pursuant to warrant by members of the Connecticut State Police on June 19, 1993. The defendant claims that the affidavits in support of the warrant failed to establish probable cause. CT Page 9210
Probable cause, broadly defined, comprises such facts "as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe" that criminal activity has occurred. Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and (2) there is probable cause to believe that the items named will be found in the place to be searched. Probable cause does not depend upon the incantation of certain magic words; State v. Barton, 219 Conn. 529,549, (1991), but is instead a practical, common sense determination requiring only the probability and not a prima facie showing of criminal activity. State v. Barton, supra, 538. "The affidavit must be read in a common sense and realistic manner, and the issuing magistrate is not confined to its literal terms but may draw reasonable inferences therefrom." State v. Brown, 14 Conn. App. 605,614 (1988). The inferences to be drawn are those of an experienced police officer. The evidence presented must be seen and viewed, not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690,66 L.Ed.2d 621 (1981). "In dealing with probable cause . . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302,93 L.Ed.2d 1879 (1949).
In State v. Barton, supra, the Connecticut Supreme Court held that the determination of probable cause on state constitutional grounds is to be made pursuant to the "totality of the circumstances" analysis announced by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527, reh denied, 463 U.S. 1237, 104 S.Ct. 33,77 L.Ed.2d 1453 (1983).
Under State v. Barton:
 . . . the task of a magistrate in determining the existence of probable cause to search is to make a practical, nontechnical decision whether, given all the circumstances set forth in the warrant affidavit, including the `veracity' and the `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or CT Page 9211 evidence of a crime will be found in a particular place. State v. Barton, supra, 552. When an affidavit indicates that the police have relied on information from a confidential informant, `the magistrate should examine the affidavit to determine whether it adequately describes both the factual basis of the informant's knowledge and the basis on which the police have determined that the information is reliable. If the warrant affidavit fails to state in specific terms how the informant gained his knowledge or why the police believe the information to be trustworthy, however, the magistrate can also consider all the circumstances set forth in the affidavit to determine whether, despite these deficiencies, other objective indicia of reliability reasonably establish that probable cause to search exists. In making this determination, the magistrate is entitled to draw reasonable inferences from the facts presented.' Id., 544.
State v. Johnson, 219 Conn. 557, 563 (1991).
The obligation of the reviewing court in the context of a suppression hearing, is to determine whether "the affidavit presented a substantial factual basis upon which the magistrate could conclude that probable cause existed." State v. Barton, supra, 552. The facts in the warrant must be viewed in the light most favorable to a finding of probable cause. State v. Duntz,223 Conn. 207, 216, 219, (1992). In Barton the court stressed that the task of the reviewing court is not to conduct a de novo review. Such de novo review is inconsistent with the constitution's strong preference for searches conducted pursuant to warrant. State v. Barton, supra, 536, 540. The court held that "although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." State v. Barton, supra 552; State v. Johnson, 219 Conn. at 565; State v. Payne, 25 Conn. App. 428 (1991).
Under Barton, the reviewing court is not to invalidate a warrant merely because the reviewing court might have reasonably CT Page 9212 declined to draw the necessary inferences. Rather, the warrant is to be upheld if the issuing magistrate had substantial basis for concluding that probable cause existed. State v. Barton, supra, 552-553; State v. Johnson, supra 565; State v. Payne, supra 433. The court reviewing a warrant at a suppression hearing "must give deference to — must take as a given — all reasonable inferences drawn by the issuing judge, and then decide whether, based upon facts explicitly stated in the affidavit, supplemented by those reasonable inferences, the affidavit establishes probable cause." State v. Diaz, 226 Conn. 514, 527 (1993).
The search warrant in the instant case authorized the police to search the home of the defendant for marijuana and related paraphernalia. Examined in the light of Barton, the instant affidavit provided a substantial basis for the issuance of the warrant. The facts explicitly stated in the affidavit, in addition to reasonable inferences that could be drawn therefrom, support the judge's determination that there was "a fair probability that contraband or evidence of a crime" would be found at the defendant's residence.
The first and second paragraphs set forth the qualifications of the affiants. The third, fourth and fifth paragraphs describe the circumstances under which the affiants came into contact with the informant, Mickel. The sixth paragraph details information from the informant stating that he had received marijuana from the defendant earlier in the day as payment for a debt owed to him by the defendant. This paragraph also reveals that the informant admitted to police that he had obtained marijuana from the defendant on a prior occasion. State v. Barton, supra, 550-51; State v. Ferguson, 185 Conn. 104, 114-115, 440 A.2d 841 (1981).
In paragraph six[1] the informant also provided details regarding the incident at Marindino's grocery store, earlier in the day, in which the soda vending machine had been damaged. This information was corroborated by the statement of the store manager who had witnessed the incident. In paragraph seven[2] the magistrate is informed that the police were able to corroborate the informant's information as to the location of the defendant's home by a check of the telephone records. State v. Ferguson, supra, 113.
Paragraph seven also informs the magistrate that a criminal record check on Joseph Furnari revealed that he had a prior arrest record for possession of marijuana and possession of cocaine. CT Page 9213 United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed 723
(1971); State v. Ferguson, supra, 115.
Paragraphs six and seven provided the issuing magistrate with a substantial basis to conclude that the informant's information as to the defendant's address and the incident at Marindino's grocery store were correct, and that the defendant had a prior criminal record that comported with the information provided by the informant. The aggregation of all these facts established the reliability of the informant. The information provided by Mr. Mickel was far from hearsay but was based upon his personal knowledge.
Viewing the facts set forth in the affidavit and the inferences that could be reasonably drawn therefrom, the judge had a substantial basis for finding probable cause and issuing the warrant. For the reasons stated, the motion to suppress is denied.
PICKETT, J.